**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NYU Winthrop Hospital, | ) |
| | ) Civ. Action No. 17-cv-6114 |
| Plaintiff, | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| Microbion Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff NYU Winthrop Hospital ("Winthrop") (formerly Winthrop-University Hospital), by and through its counsel, for its Complaint against Microbion Corporation ("Microbion"), alleges as follows:

**NATURE OF THE CASE**

1.      This is a civil action pursuant to 35 U.S.C. § 256 for correction of inventorship of U.S. Patent Nos. 9,408,393 ("the '393 patent"), 9,028,878 ("the '878 patent"), and 8,389,021 ("the '021 patent") (collectively the "Microbion Patents"), and all foreign counterparts thereof and international applications that claim priority thereto. Each of the Microbion Patents are assigned to Microbion.

2.      The Microbion Patents relate to Bismuth Thiols ("BTs"), including but not limited to antibiotics containing BTs.

3.      Copies of the Microbion Patents are attached as Exhibits 1–3 to this Complaint.

4.      This action arises out of Microbion's dealings with Winthrop in New York, as well as Dr. Philip Domenico's ("Dr. Domenico") invention in New York of the subject matter claimed in the Microbion Patents, and particularly out of Microbion's failure to name Dr.

Domenico as an inventor of the inventions claimed in the Microbion Patents.

## THE PARTIES

5.     Plaintiff, Winthrop, is a not-for-profit corporation existing under the laws of the State of New York and is located at 259 First Street, Mineola, New York 11501.

6.     Defendant, Microbion, upon information and belief, is a corporation organized and existing under the laws of the State of Delaware and has a place of business at 1102 W. Babcock Street, Suite B, Bozeman, Montana 59715.

7.     Each of the Microbion Patents list Dr. Brett Hugh James Baker ("Dr. Baker") as the purported sole inventor.  Dr. Baker assigned his rights in the Microbion Patents to Microbion.

8.     Dr. Domenico is a true and correct inventor of inventions described and claimed in the Microbion Patents, made in this district while he was an employee of Winthrop in Mineola, New York.

9.     Dr. Domenico has assigned, or is under an obligation to assign, his rights in these inventions to Winthrop.

10.     Through this Complaint, Winthrop seeks an order declaring that Dr. Domenico is an inventor of the Microbion Patents.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and specifically under 35 U.S.C. § 256(b).  This Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and/or 1338(a).

12.     This Court has personal jurisdiction over Microbion pursuant to New York CPLR § 302.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

663605.3

## FACTUAL BACKGROUND

14.     Dr. Domenico was employed in this district by Winthrop from 1987 to 2005 as the Research Director of Infectious Disease and as a Senior Scientist in the Cardio Pulmonary Research Institute.

15.     During his employment at Winthrop, Dr. Domenico developed inventions relating to BTs in Winthrop's facilities, located in this district.  Through these inventions, he pioneered the use of BTs as a novel class of antimicrobial agents with broad applications, including treating infection and preventing the formation or growth of biofilms.  These inventions were the subject of multiple patents obtained by Winthrop (the "Winthrop Patents").

16.     Dr. Domenico's full time employment at Winthrop ended on or about March 14, 2005.

17.     All inventions resulting from work performed by Dr. Domenico before that date relating to BTs were assigned or are obligated to be assigned to Winthrop.  His assignment obligation extends to inventions and improvements made thereafter if based on confidential information, including know-how, acquired during his employment.

18.     On September 22, 2005, Microbion entered into a license and non-disclosure agreement with Winthrop, governed by New York law ("the License Agreement").  Through this License Agreement, Microbion licensed Winthrop's rights to the Winthrop Patents and its know-how relating to BTs, which were all developed in this district.

19.     Upon information and belief, by way of this License Agreement, Microbion solicited confidential and proprietary information and know-how about BTs ("Confidential Information") from Winthrop and Dr. Domenico in New York.  Microbion used the Confidential Information, which it received from Winthrop pursuant to the License Agreement, in

Microbion's applications for the Microbion Patents.

20.     Upon information and belief, after Dr. Domenico's employment with Winthrop ended and during the term of the License Agreement, Microbion solicited the assistance of Dr. Domenico, and Dr. Domenico became an employee and/or consultant of Microbion and was appointed to serve on its scientific advisory board.   Upon information and belief, Dr. Domenico's duties for Microbion included assisting in drafting the patent applications for the Microbion Patents.  Upon information and belief, Dr. Domenico resided in New York City at the time that Microbion solicited his assistance, and Dr. Domenico performed the majority, if not all, of his duties for Microbion in New York City, including providing assistance in drafting the applications for the Microbion Patents.

21.     Upon information and belief, Dr. Domenico has never worked for Microbion at Microbion's place of business in Bozeman, Montana, nor any other Microbion place of business.

22.     In 2008, while Microbion was under a duty of non-disclosure pursuant to the License Agreement, Microbion informed Winthrop that it had hired Dr. Domenico, and Microbion requested copies of Dr. Domenico's lab notebooks from Winthrop.  Dr. Domenico created these notebooks during his employment at Winthrop and the notebooks are owned by Winthrop.  Winthrop provided these confidential notebooks to Microbion with the understanding that Dr. Domenico, acting as a consultant for Microbion, would review the notebooks to assist Microbion in understanding the chemistry of the BTs and/or developing products utilizing Dr. Domenico's inventions.

23.     Microbion went on to disclose and claim, in the Microbion Patents, formulations of BTs based on Winthrop's Confidential Information, including Dr. Domenico's confidential lab notebooks, and Dr. Domenico's inventions that were made on behalf of Winthrop.

24.     The Microbion Patents include conceptions drawn from data generated during Dr. Domenico's tenure at Winthrop, and documented in his confidential notebooks, which were provided to Microbion.

25.     Dr. Domenico contributed to the conception and reduction to practice, in this district on behalf of Winthrop, of at least the following elements of claim 9 of the '878 patent: (1) treating bacterial biofilms, which grow on surfaces; (2) identifying a biofilm associated with gram positive or gram negative bacteria, or both; (3) administering a bismuth thiol (BT) composition, in a synergistic combination, with another antibiotic, the other antibiotic being selected from methicillin, vancomycin, nafcillin, gentamicin, ampicillin, chloramphenicol, clindamycin, gatifloxacin, cefazolin, neomycin, paromomycin, tobramycin, and rifamycin, (4) wherein the BT compound comprises bismuth or a bismuth salt and a thiol-containing compound.

26.     Dr. Domenico contributed to the conception and reduction to practice, in this district on behalf of Winthrop, of at least the following elements of claim 1 of the '393 patent: (1) a method for treating a plant for a bacterial pathogen; (2) contacting the plant with an effective amount of a bismuth-thiol (BT) composition under conditions to treat the plant or inhibit bacterial cell growth or inhibit biofilm formation, viability or growth, wherein the BT composition comprises a suspension of BT compound microparticles comprising a volumetric diameter of from about 0.4 µm to about 10 µm.

27.     Dr. Domenico contributed to the conception and reduction to practice, in this district on behalf of Winthrop, of at least the following elements of claim 13 of the '021 patent: (1) protecting an epithelial tissue surface against a bacterial pathogen; (2) contacting the epithelial tissue surface with an effective amount of a BT composition under conditions and for a

time sufficient for one or more of: prevention of infection, inhibition of bacterial cell viability or cell growth, and inhibition of biofilm formation, viability or growth.

28.     Upon information and belief, Dr. Domenico was also involved in the preparation and drafting of the patent applications for the Microbion Patents, while located in New York City.

29.     Notwithstanding Dr. Domenico's involvement in the conception of the inventions and preparation of the patent applications for the Microbion Patents, Microbion did not name Dr. Domenico as an inventor on these applications.

30.     Microbion instead named Dr. Baker as sole inventor of the Microbion Patents.

31.     Specifically, on February 3, 2010, Dr. Baker and his attorneys filed U.S. Patent Application Serial No. 12/699,680 ("the '680 application"), which issued as the '021 patent, and is entitled "Bismuth-Thiols as Antiseptics for Epithelial Tissues, Acute and Chronic Wounds, Bacterial Biofilms and Other Indications."

32.     The '680 application was assigned to Microbion shortly after it was filed.

33.     The '680 application listed Dr. Baker as the sole inventor, even though Dr. Domenico was a true inventor thereof.

34.     On August 3, 2012, Dr. Baker and his attorneys filed U.S. Patent Application Serial No. 13/566,816 ("the '816 application"), which issued as the '878 patent and which claimed priority to the application for the '021 patent as a continuation-in-part.  The '878 patent is entitled "Bismuth-Thiols as Antiseptics for Biomedical Uses, Including Treatment of Bacterial Biofilms and Other Uses."

35.     The '816 application was assigned to Microbion shortly after it was filed.

36.     The '816 application listed Dr. Baker as the sole inventor, even though Dr.

Domenico was a true inventor thereof.

37.     On February 12, 2013, Microbion, Dr. Baker, and their attorneys filed U.S. Patent Application Serial No. 13/765,514 ("the '514 application"), which issued as the '393 patent and which claimed priority to the application for the '878 patent as a continuation-in-part.  The '393 patent is entitled "Bismuth-Thiols as Antiseptics for Agricultural, Industrial and Other Uses."

38.     Again, the '514 application listed Dr. Baker as the sole inventor, even though Dr. Domenico was a true inventor thereof.

39.     The claims of the Microbion Patents encompass subject matter which was first invented by Dr. Domenico while he was an employee of Winthrop, and which was disclosed to Microbion and Dr. Baker by Dr. Domenico.

40.     Upon information and belief, to the extent that Dr. Baker is properly named as an inventor on the Microbion Patents, Dr. Baker derived his understanding of inventions made by Winthrop and claimed in the Microbion Patents from Dr. Domenico.

41.     Microbion's failure to name Dr. Domenico as an inventor deprived Winthrop of its rights in the intellectual property assigned to it by Dr. Domenico.

42.     Dr. Domenico—the pioneer of BTs—should not have been omitted as an inventor on the Microbion Patents, which instead name Dr. Baker as the sole inventor, for at least the following reasons: (i) the Microbion Patents are based on Winthrop's Confidential Information, including Dr. Domenico's confidential lab notebooks, which Microbion obtained through the License Agreement; (ii) the Microbion Patents are based on invention(s) disclosed by Dr. Domenico while Dr. Domenico was working for Microbion and serving on its scientific advisory board; (iii) Dr. Domenico collaborated with Dr. Baker and Microbion during the patent application process and assisted in drafting the patent applications for the Microbion Patents; and

(iv) Dr. Domenico contributed to the conception and reduction to practice of elements of the claims of the Microbion Patents. Upon information and belief, Microbion's omission of Dr. Domenico as an inventor was intentional.

43. Microbion has filed foreign counterpart applications of the Microbion Patents in various countries and international applications claiming priority to them, but did not name Dr. Domenico as an inventor.

44. Over the course of 2015 to the present, Winthrop, on multiple occasions, has requested that Microbion consent to the correction of inventorship of the Microbion Patents to include Dr. Domenico. Microbion has refused to consent to the correction of inventorship.

## COUNT I
### (Correction of Inventorship of U.S. Patent No. 9,408,393)

45. Winthrop repeats and incorporates by reference the allegations set forth in Paragraphs 1–44, inclusive.

46. Dr. Domenico is a true and correct inventor of the '393 patent.

47. As set forth above, the '393 patent improperly names Dr. Baker as the sole inventor.

48. On behalf of Winthrop, Dr. Domenico made some or all of the conceptual contributions and the reduction to practice of the invention(s) claimed in the '393 patent.

49. The inventorship of the '393 patent is incorrect because, through error, Dr. Domenico is not listed as an inventor on the '393 patent

50. Winthrop has standing as the real party in interest to request a correction of inventorship of the '393 patent because it owns, or is entitled to, all of Dr. Domenico's rights in the invention(s) claimed therein.

51. Dr. Baker's and Microbion's failure to properly name Dr. Domenico as an

inventor on the '393 patent has injured Winthrop by excluding Winthrop from its expected ownership interest in the '393 patent.

52.     Pursuant to 35 U.S.C. § 256(b), because Dr. Domenico is a rightful inventor of the '393 patent, an order requiring the Director of the Patent Office to issue a certificate of correction adding Dr. Domenico as an inventor and making any other corrections determined to be necessary on the '393 patent is warranted.

**COUNT II**
**<u>(Correction of Inventorship of U.S. Patent No. 9,028,878)</u>**

53.     Winthrop repeats and incorporates by reference the allegations set forth in Paragraphs 1–52, inclusive.

54.     Dr. Domenico is a true and correct inventor of the '878 patent.

55.     As set forth above, the '878 patent improperly names Dr. Baker as the sole inventor.

56.     On behalf of Winthrop, Dr. Domenico made some or all of the conceptual contributions and the reduction to practice of the invention(s) claimed in the '878 patent.

57.     The inventorship of the '878 patent is incorrect because, through error, Dr. Domenico is not listed as an inventor on the '878 patent.

58.     Winthrop has standing as the real party in interest to request a correction of inventorship of the '878 patent because it owns, or is entitled to, all of Dr. Domenico's rights in the invention(s) claimed therein.

59.     Dr. Baker's and Microbion's failure to properly name Dr. Domenico as an inventor on the '878 patent has injured Winthrop by excluding Winthrop from its expected ownership interest in the '878 patent.

60.     Pursuant to 35 U.S.C. § 256(b), because Dr. Domenico is a rightful inventor of

-9-

the '878 patent, an order requiring the Director of the Patent Office to issue a certificate of correction adding Dr. Domenico as an inventor and making any other corrections determined to be necessary on the '878 patent is warranted.

## COUNT III
### (Correction of Inventorship of U.S. Patent No. 8,389,021)

61.     Winthrop repeats and incorporates by reference the allegations set forth in Paragraphs 1–60, inclusive.

62.     Dr. Domenico is a true and correct inventor of the '021 patent.

63.     As set forth above, the '021 patent improperly names Dr. Baker as the sole inventor.

64.     On behalf of Winthrop, Dr. Domenico made some or all of the conceptual contributions and the reduction to practice of the invention(s) claimed in the '021 patent.

65.     The inventorship of the '021 patent is incorrect because, through error, Dr. Domenico is not listed as an inventor on the '021 patent.

66.     Winthrop has standing as the real party in interest to request a correction of inventorship of the '021 patent because it owns, or is entitled to, all of Dr. Domenico's rights in the invention(s) claimed therein.

67.     Dr. Baker's and Microbion's failure to properly name Dr. Domenico as an inventor on the '021 patent has injured Winthrop by excluding Winthrop from its expected ownership interest in the '021 patent.

68.     Pursuant to 35 U.S.C. § 256(b), because Dr. Domenico is a rightful inventor of the '021 patent, an order requiring the Director of the Patent Office to issue a certificate of correction adding Dr. Domenico as an inventor and making any other corrections determined to be necessary on the '021 patent is warranted.

663605.3

## PRAYER FOR RELIEF

WHEREFORE, Winthrop prays for this Court to grant the following relief:

A.      Entry of judgment that Dr. Domenico is an inventor of each of the Microbion Patents;

B.      An order pursuant to 35 U.S.C. § 256 requiring the Director of the Patent and Trademark Office to issue a certificate of correction correcting the inventorship status of each of the Microbion Patents;

C.      An order directing Microbion to take appropriate action to change the inventorship designation on all international or foreign patents and patent applications that are counterparts of the Microbion Patents or claim priority from any of them;

D.      Declaring this case exceptional under 35 U.S.C. § 285, and awarding Winthrop its reasonable attorney fees incurred in this action; and

E.      Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Winthrop respectfully demands a jury trial of all issues triable to a jury in this action.


Dated:  October 20, 2017                          Respectfully submitted,

                                                  AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                          By: */s/ Douglas A. Miro*
                                              Douglas A. Miro
                                              Brian A. Comack
                                              Sandra A. Hudak
                                              90 Park Avenue
                                              New York, New York 10016
                                              Telephone:   (212) 336-8000

663605.3

Fax:      (212) 336-8001
Email:   dmiro@arelaw.com
         bcomack@arelaw.com
         shudak@arelaw.com

***Attorneys for Plaintiff NYU Winthrop Hospital***

663605.3