UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NYU WINTHROP HOSPITAL,

       Plaintiff,

v.

MICROBION CORP.,

       Defendant.

**MEMORANDUM AND ORDER**
17-CV-6114 (LDH) (PK)

LaSHANN DeARCY HALL, United States District Judge:

  Plaintiff NYU Winthrop Hospital ("Winthrop") asserts claims against Defendant Microbion Corp. ("Microbion") pursuant to 35 U.S.C. § 256 for correction of inventorship of U.S. Patent Nos. 9,408,393, 9,028,878, and 8,389,021 (collectively the "Microbion Patents"). (Compl. 1, ECF No. 1.) Winthrop alleges that the Microbion Patents were invented in part by Dr. Philip Domenico—a former employee of both Winthrop and Microbion—but that inventorship was attributed solely to Microbion CEO Dr. Brett Baker. (*Id.* ¶ 42.) On November 19, 2018, Winthrop filed a motion to compel the production of certain documents related to the prosecution of the Microbion Patents over which Microbion had asserted attorney-client privilege. (Notice Pl.'s Mot. Compel, ECF No. 35-1.) In three separate orders, Magistrate Judges Gary R. Brown and Peggy Kuo resolved the motion in Winthrop's favor. (Sealed Jan. 14, 2019 Proceedings ("Order I"), ECF No. 47; Order ("Order II"), ECF No. 56; May 30, 2019 Minute Entry ("Order III").) Microbion now appeals those decisions. (ECF No. 65 ("Microbion Appeal").) The Court assumes the parties' familiarity with the balance of the factual and procedural background of this case.

## STANDARD OF REVIEW

  A district judge may "modify or set aside any part of [a magistrate judge's non-dispositive pre-trial order] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a);

*see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered nondispositive of the litigation."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Contr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (citation omitted). A finding "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (internal quotation marks omitted). This is "a highly deferential standard, [thus the movant] carries a heavy burden." *Id.*

## DISCUSSION

**I.    Investor-Disclosure Forms**

Magistrate Judges Brown and Kuo ordered Microbion to produce draft investor-disclosure forms and related documents pursuant to the fairness doctrine set forth in *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), and *In re County of Erie*, 546 F.3d 222 (2d Cir. 2008). (*See generally* Order I, Order II, Order III.) "A defendant many not use [attorney-client] privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Bilzerian*, 926 F.2d at 1292 (internal citation omitted). In *County of Erie*, the Second Circuit maintained that "rules which result in the waiver of [attorney-client] privilege . . . should be formulated with caution." 546 F.3d at 228. "Generally, courts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, when a client places the attorney-client relationship directly at issue, and when a client asserts reliance on an attorney's advice as an element of a claim or defense." *Id.* (internal quotation marks and alterations omitted).

2

Winthrop argues that Microbion implicitly waived privilege by asserting, in its answer to the complaint, that the patent applications initially drafted by Dr. Domenico were subsequently revised. (ECF No. 68-1 ("Winthrop Opp.") at 2.) Magistrate Judges Brown and Kuo correctly agreed. A party "put[s] privileged material at issue by selectively disclosing favorable material and withholding unfavorable material." *Aiossa v. Bank of Am., N.A.*, No. 10-CV-01275, 2011 WL 4026902, at *4 (E.D.N.Y. Sept. 12, 2011). Such a circumstance arises "when the party attempts to use privilege both as 'a shield and a sword.' In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). "Whether fairness requires disclosure has been decided by the courts on a case-by-case basis, and depends primarily on the specific context in which the privilege is asserted." *Id.* at 183. Magistrate Judges Brown and Kuo conducted case-specific analyses and determined that fairness required disclosure of the purportedly privileged materials at issue here. (*See* Order I at 58:10–18; Order III.) Their decisions were not clearly erroneous.

Microbion incorrectly argues that reliance on the advice of counsel is an essential element of implied waiver. (Microbion Appeal 2.) To be sure, in *County of Erie*, the Second Circuit held that "reliance on privileged advice in the assertion of the claim or defense" at issue is an "essential element" of implied waiver by the advice-of-counsel defense, also called the good-faith defense. 546 F.3d at 229. However, the court made clear that its holding applied to only one of the three means of implied waiver set forth above. *Id.* at 228 ("The key to a finding of implied waiver in the third instance is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of

a claim or defense."). *Bilzerian*, too, regards implied waiver by the good-faith defense. 926 F.2d at 1292–93. Accordingly, neither case applies to the facts at issue here.

This case involves the selective disclosure of attorney-client communications. Specifically, Microbion has pleaded a factual assertion regarding the scope of Dr. Domenico's contributions to the Microbion Patents, thereby relying on the draft patent applications and placing them at issue. Winthrop seeks production of those applications to challenge the efficacy of Microbion's assertion. District courts in this circuit have applied the fairness doctrine to compel production under similar circumstances. *E.g.*, *Pearlstein v. Blackberry Ltd.*, No. 13-CV-07060, 2019 WL 1259382 at *7 (S.D.N.Y. Mar. 19, 2019) ("A party cannot . . . selectively proffer[] protected information in litigation without waiving privilege. Fairness requires waiver in these circumstances so a party's adversary [can] fully explore the validity of the defense."); *Windsor Secs., LLC v. Arent Fox LLP*, 273 F. Supp. 3d 512, 517–18 (S.D.N.Y. 2017) ("One instance in which a party is deemed to have waived attorney-client privilege or work product protection occurs when the party places otherwise protected communications 'at issue' in the litigation. New York courts have defined 'at issue' waiver as occurring 'where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information.'" quoting *Deutsche Bank Tr. Co. of Americas v. Tri-Links Inv. Tr.*, 837 N.Y.S.2d 15, 23 (N.Y. App. Div. 2007) (internal citations omitted)).

Microbion's final argument to the contrary is unavailing. Microbion argues that "a party cannot effectively force its adversary to waive its privilege implicitly with a pleading that brought the adversary's knowledge and good faith into issue, because that would give an

4

adversary who is a skillful pleader the ability to render the privilege a nullity." (Microbion Appeal 2.) But Winthrop did not bring Microbion's knowledge into issue with its pleading. Microbion did. (*See* Order I at 58:10–18 ("THE COURT: But clearly this . . . part of your substantive response to the complaint . . . that [Dr. Domenico] provided drafts but that the ultimate [patent application] was different . . . . [is] a clear sword and shield issue.").)

## II. Privilege Claims

Microbion argues that Magistrate Judge Brown incorrectly applied privilege law in finding that five documents from the twenty-eight binders provided to him for *in camera* review constituted unreasonable claims of privilege.[1] (Microbion Appeal 3.) The Court disagrees.

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged . . . . [However, the privilege] protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn*, 449 U.S. at 395. "[R]edaction is available for documents which contain legal advice that is incidental to the non-legal advice that is the predominant purpose of the communication." *County of Erie*, 473 F.3d at 421 n.8.

### A. Exhibit A

The two documents contained in Exhibit A are email threads—almost entirely of an exchange between Dr. Baker and Dr. Domenico about a third party and Dr. Domenico's

---

[1] These documents have been filed *ex parte* as Exhibits A, B, C, and E to Defendant's motion for leave to file documents in support of its appeal. (ECF No. 67.)

5

availability for discussion—containing a single, unanswered request from Dr. Baker to an attorney "to talk about this." (ECF No. 67-2 at 4) Microbion argues that, by asking "can we talk about this," Dr. Baker was soliciting legal advice from counsel about the communications with Dr. Domenico. (Microbion Appeal 3.) Magistrate Judge Brown correctly rejected Microbion's claim of privilege, in part because the documents contained "not one character . . . input by an attorney." (Order II at 8–9.) Although Dr. Baker's solicitation may constitute a privileged communication, the rest of the thread is undoubtedly discoverable. Microbion may show cause for redacting the request for advice.

### B. Exhibit B

Microbion argues that this letter from its counsel, attaching records issued by the United States Patent and Trademark Office, is privileged even though the communication contains public information. (Microbion Appeal 3.) Magistrate Judge Brown correctly determined that the attachment was not subject to privilege in its entirety, and that any potentially privileged "nuggets of advice" contained in the cover letter are redactable. (Order II at 9.)

### C. Exhibit C

Microbion argues that this internal email, attaching a draft patent application, is privileged because it was "facilitating the discussion and request for legal advice." (Microbion Appeal 3.) Magistrate Judge Brown determined that such "factual, scientific data" falls outside the scope of privilege and that this document was put at issue, given that the email indicates Dr. Baker was "in the process of adapting" a document curiously titled "Domenico serial plagiarism.docx." (Order II at 9–10.) Magistrate Judge Brown's determination that this document is at-issue and therefore any claim to privilege has been waived was correct.

**D.      Exhibit E**

Microbion argues that this exchange between Dr. Baker and counsel—primarily a description of a "sumptuous" dinner buffet (Order II at 7 n.5)—is privileged because, in spite of the presence of social commentary, it was pursued in response to a request for legal advice. (Microbion Appeal 3.)  Magistrate Judge Brown determined that, given only a passing reference to sending "some xtal data patent samples," this document was mischaracterized in Microbion's privilege log and did not warrant inclusion in the massive record.  (Order II at 7 n.5.)  Microbion may make a showing that the phrase "some xtal data patent samples" warrants privilege, in which case that sentence would be redacted.  The rest of the document is discoverable.

**CONCLUSION**

For the foregoing reasons, Microbion's appeal of Magistrate Judges Brown's and Kuo's discovery decisions is DENIED, and the decisions are affirmed.

SO ORDERED.

Dated: Brooklyn, New York  
      September 19, 2019

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge